IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CEDRICK BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:16cv766-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by federal prisoner Cedrick Brown ("Brown"). Doc. No. 1. Brown is an inmate at the Federal Correctional Institution ("FCI") in Terre Haute, Indiana, serving a 164-month sentence imposed by this court in October 2008 upon his conviction for conspiracy to distribute controlled substances. *See United States v. Brown*, Case No. 3:08cr53-MEF (M.D. Ala. 2008). In his § 2255 motion, Brown argues that the Federal Bureau of Prisons ("BOP") has incorrectly calculated his sentence and release date by failing to credit him with time he previously served (24 months) for a supervised release violation stemming from conduct related to the charges for which he was convicted.[1] Doc. No. 1; *see* Doc. No. 8 at 1.

**DISCUSSION**

Title 28 U.S.C. § 2255(a) provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

---

[1] *See United States v. Brown*, Case No. 3:00cr141-MHT (M.D. Ala.), Doc. No. 80.

move the court which imposed the sentence to vacate, set aside or correct the sentence.

Section 2255 does not grant jurisdiction over claims attacking the execution, rather than the imposition or illegality of a sentence. *See, e.g., United States v. Giddings*, 740 F.2d 770, 771-72 (9th Cir. 1984); *In re Hodge*, 1995 WL 779106, at *1 (N.D. Cal. Dec. 20, 1995). If a federal prisoner is challenging the execution of his sentence or the manner in which it is served, as opposed to its legality, he must seek relief under 28 U.S.C. § 2241 in the court having jurisdiction over his custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *Charles v. Chandler,* 180 F.3d 753, 755–56 (6th Cir. 1999). A federal prisoner's claim for credit for time served must be brought under 28 U.S.C. § 2241 in a habeas corpus petition filed in the jurisdiction in which the prisoner is incarcerated. *United States v. Nyhuis*, 211 F. 3d 1340, 1345 (11th Cir. 2000); *Padilla*, 542 U.S. at 447.

Because Brown is challenging the BOP's failure to credit him with time served in its calculation of his sentence and release date, and because Brown is incarcerated at FCI Terre Haute in Terre Haute, Indiana, this court does not have jurisdiction to hear his § 2255 motion challenging the BOP's sentence calculation. Instead of proceeding under § 2255 in this court, Brown should have filed a habeas corpus petition under 28 U.S.C. § 2241 in the United States District Court for the Southern District of Indiana. Any such § 2241 petition seeking credit for time served should only be filed after exhausting the BOP's administrative remedies. *See Nyhuis*, 211 F.3d at 1345.

Title 28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court as defined by section 610 of this title ... is noticed for or filed in such a court and that court finds that there is want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

The undersigned finds it is in the interest of justice, as provided in § 1631, to transfer Brown's "§ 2255 motion," construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, to the United States District Court for the Southern District of Indiana, the federal district court in the jurisdiction where Brown is incarcerated.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1) Brown's "2255 motion" (Doc. No. 1) be CHARACTERIZED as a petition for writ of habeas corpus under 28 U.S.C. § 2241; and

(2) this case be TRANSFERRED to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1631.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before January 31, 2017.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order

---

[2] As indicated above, Brown is required to exhaust his administrative remedies with the BOP before seeking relief in federal court under 28 U.S.C. § 2241.  *United States v. Nyhuis*, 211 F. 3d 1340, 1345 (11th Cir. 2000).  Brown has attached documents to his filings with this court that suggest he may have pursued his available administrative remedies.  *See* Doc. No. 8 at 2-7.  However, based on these materials, this court cannot say with certainty that Brown has exhausted his administrative remedies.

based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 17th day of January, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge